## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN SMITH and STACEY   :
SMITH   :
158 Goodridge Road   :   No.
Westtown, NY 10998   :
    Plaintiffs   :
  :
    v.   :   CIVIL ACTION-LAW
  :   JURY TRIAL DEMANDED
SNH REAL ESTATE LLC   :
1067 Milford Road   :
Dingmans Ferry, PA 18328   :
  :
SNH REAL ESTATES LLC   :
1816 Route 739   :
Dingmans Ferry, PA 18328   :
  :
FIVE STAR FOOD & FUEL, LLC   :
a/k/a FIVE STARS FOOD AND   :
FUEL   :
1816 Route 739   :
Dingmans Ferry, PA 18328   :
  :
JOHN DOE and ABC Corporation   :
    Defendants   :

## COMPLAINT

**NOW** comes Plaintiffs, Brian Smith and Stacey Smith, by and through their undersigned counsel, Munley Law, P.C., and aver as follows:

## PARTIES

1. Plaintiff Brian Smith and Stacey Smith are competent adult individuals residing at 158 Goodridge Road, Westtown, New York 10998.

1

2.    Defendant SNH Real Estate LLC, upon information and belief, is a Pennsylvania corporation and/or limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its corporate address located at 1067 Milford Road, Dingmans Ferry, Pike County, Pennsylvania 18328.

3.    Defendant SNH Real Estates LLC, upon information and belief, is a Pennsylvania corporation and/or limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its corporate address located at 1816 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328.

4.  Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel, upon information and belief, is a Pennsylvania corporation and/or limited liability company and/or other business entity organized and existing under the laws of the Commonwealth of Pennsylvania with its corporate address located at 1817 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328.

5.  Defendant ABC Corporation, upon information and belief is a business entities who after reasonable investigation is presently unknown and unidentified to Plaintiffs but at all times relevant hereto was  responsible for snow and ice removal on the property located at 1816 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328 and the acts and omissions as described in this Complaint were

2

contributed to, caused by, or abetted by the s unknown parties or entities as set forth below.

6. Defendant John Doe, upon information and belief, is an individual who after reasonable investigation is presently unknown and unidentified to Plaintiffs but at all times relevant hereto was either (1) responsible for snow and ice removal on the property located at 1816 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328 or (2) the agents, servants, workmen, or employees of ABC Corporation; and the acts and omissions as described in this Complaint were contributed to, caused by, or abetted by the s unknown parties or entities as set forth below.

7. Upon information and belief, Defendant ABC Company and/or Defendant John Doe contracted with Defendant SNH Real Estate LLC, Defendant SNH Real Estates LLC, and/or Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel to provide snow and ice removal services at the property located at 1816 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328.

8. Defendant SNH Real Estate LLC, Defendant SNH Real Estates LLC, Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel, Defendant John Doe, and Defendant ABC Corporation shall hereinafter be referred to collectively as "Defendants."

3

## JURISDICATION

9.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy as to the Plaintiffs exceeds $75,000.00, exclusive of interest and costs, and because complete diversity of citizenship exists between the Plaintiffs and the Defendants.

10. Venue is proper pursuant to 28 U.S.C. §1391(b), as a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

11.    At all times pertinent hereto, upon information and belief, Defendants owned and/or maintained and/or controlled and/or managed the property located at 1816 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328 ("the premises").

12.    At all times pertinent hereto, it was the duty of Defendants to maintain the aforementioned premises including, but not limited to, the removal of snow and ice from the premises.

13. At all times pertinent hereto, it was the duty of Defendants to make the subject premises safe for ordinary and foreseeable use and to make sure no dangerous and hazardous conditions existed.

4

14. At all times material hereto, Defendants had an affirmative duty to protect a business invitee such as Plaintiff not only against known dangers but also those which might be discovered with reasonable care.

15. On December 12, 2024, Plaintiff Brian Smith was a business invitee on the premises located at 1816 Route 739, Dingmans Ferry, Pike County, Pennsylvania 18328 when he stepped on hills and ridges of snow and ice located on the premises which caused him to violently fall after he stepped off of the curb causing Plaintiff Brian Smith to suffer the injuries more particularly described herein.

16. The snow and ice described above was present on the premises for a long period of time as it was caused by a dangerous condition that accumulated on the premises, and Defendant knew or in the exercise of reasonable care should have had knowledge of the existence of the dangerous condition so as to be able to remove the condition or remedy it.

17. The aforementioned slip and fall was due to the negligent, careless, gross, wanton, and reckless conduct of Defendants, by and through their agents, servants, workmen, or employees, acting within the scope of their employment and with the full knowledge and consent of the Defendants and in no way due to any negligent act or failure to act on the part of the Plaintiff Brian Smith.

5

12. As a direct and proximate result of the aforesaid collision, Plaintiff Brian Smith has suffered severe and permanent personal injuries including, but not limited to: sprain of the right shoulder joint, pain in the right shoulder, shoulder pain-swelling, large rotator cuff tear of the right shoulder, and shock to his nerves and nervous system, all of which caused him, continue to cause him, and will cause him for an indefinite period of time in the future, great pain, agony, and suffering, both physical and mental.

13. As a direct and proximate result of the aforesaid incident and injuries sustained, Plaintiff has been forced to undergo medical treatment and medical procedures, including but not limited to, MRIs, diagnostic studies, medication, physical therapy, surgery, and injections, and will/may be forced to undergo medical treatment at an undetermined time in the future because his injuries are permanent in nature.

14. As a direct and proximate result of the aforesaid incident and injuries sustained, Plaintiff Brian Smith has expended and will expend for an indefinite time in the future various sums of money for the medicine and medical attention in and about endeavoring to treat and cure Plaintiff Brian Smith of his injuries all to his great financial loss and damage.

15. As a direct and proximate result of the aforesaid incident and injuries sustained, Plaintiff Brian Smith has been and will for an indefinite time in the future be forced to forego the pleasures of life.

16. As a direct and proximate result of the incident and injuries sustained, Plaintiff Biran Smith has suffered, yet suffers, and will continue to suffer wage diminution or lessening of his earning power and earning capacity, and will continue to suffer same forever in the future.

17. As a direct and proximate result of the aforesaid incident and injuries sustained, Plaintiff Brian Smith has experienced the following damages, losses and disabilities consisting of, but not limited to, the following:

    A. Past, present and future pain and suffering;

    B. Past, present and future emotional distress and mental anguish;

    C. Past, present and future medical expenses;

    D. Past, present and future disfigurement and scarring;

    E. Past, present and future loss of life's pleasures; and

    F. Past, present and future loss of earnings and/or loss of earning capacity.

18. All the conditions, disabilities, medical impairments and/or injuries and damages suffered by Plaintiffs are directly related to the tortious actions of the Defendants.

## COUNT ONE
### Brian Smith v. SNH Real Estate LLC
### Negligence

19. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

20. At all times material hereto, Defendant SNH Real Estate LLC was responsible for maintaining the Premises.

21. The aforementioned incident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant SNH Real Estate LLC, by and through its agents, servants, workmen, or employees, acting within the scope of their employment, and in no way due to the negligent act or failure to act on the part of Plaintiff.

22. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant SNH Real Estate LLC consisted of the following:

    a. failure to warn Plaintiff Brian Smith of the existence of the unreasonably dangerous condition of snow and ice on the Premises;

    b. failure to properly prevent a dangerous and hazardous condition when Defendant SNH Real Estate LLC knew or should have known of the condition;

    c. permitting ice and snow to remain on the Premises;

    d. failure to properly inspect the Premises for the existence of the dangerous condition, such as snow and ice, which is described in this Complaint;

e.  failure to remove or remediate the unreasonably dangerous condition;

f.  failure to place barricades around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

g.  failure to place warning markers around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

h.  permitting business invitees, including Plaintiff Brian Smith, to walk in areas that contained the dangerous snow and ice condition;

i.  creating a dangerous condition on the Premises which is described in this Complaint and/or failing to remediate or remove the dangerous and defective condition;

j.  failure to have proper policies, procedures, and safety measures addressing dangerous conditions on the Premises where they provide snow and ice removal services;

k.  failure to exercise reasonable care for the rights and safety of the public within its Premises, and in particular the rights and safety of Plaintiff Brian Smith;

l.  failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to the public, including Plaintiff Brian Smith;

m.  creating a dangerous condition on the Premises which is described in this Complaint;

n.  failure to place a melting agent or anti-skid material on the accumulation of snow and ice on the Premises;

o.  failure to properly maintain the Premises so that snow and ice would not accumulate on the Premises;

p.  negligently hiring its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

q.  negligently supervising its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

r.  negligently training its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

s.  negligently instructing its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises; and

t.  negligently inspecting the snow and ice removal services performed by its agents, servants, workmen, and employees at the Premises.

23.  As a result of the above-stated acts and omissions, Plaintiff Brian Smith has suffered such harm as has been previously stared herein.

**WHEREFORE**, Plaintiff Brian Smith demands judgment against Defendant SNH Real Estate LLC, individually, and jointly and severally, in an amount in excess of $75,000.00 plus interest, punitive damages, costs, and other such relief as this Court deems appropriate.

## COUNT TWO
### Stacey Smith v. SNH Real Estate LLC
### Loss of Consortium

24.  The preceding paragraphs above are incorporated herein by reference as if fully set forth herein at length.

25.     At all times here pertinent, Plaintiff Stacey Smith was and is the wife of Plaintiff Brian Smith.

26.     Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant SNH Real Estate LLC in causing the injuries to Plaintiff Brian Smith, Plaintiff Stacey Smith, as wife of Plaintiff Brian Smith, has, is, and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

27.     By reason of the aforesaid collision, Plaintiff Stacey Smith has, is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Stacey Smith demands judgment against Defendant SNH Real Estate LLC, individually and jointly and severally, in an amount in excess of $75,000 plus interest, costs, punitive damages, and such other relief as this Court deems appropriate.

### COUNT THREE
**Brian Smith v. SNH Real Estates LLC**
**Negligence**

28.     The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

11

29. At all times material hereto, Defendant SNH Real Estates LLC was responsible for maintaining the Premises.

30. The aforementioned incident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant SNH Real Estates LLC, by and through its agents, servants, workmen, or employees, acting within the scope of their employment, and in no way due to the negligent act or failure to act on the part of Plaintiff.

31. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant SNH Real Estates LLC consisted of the following:

    a.    failure to warn Plaintiff Brian Smith of the existence of the unreasonably dangerous condition of snow and ice on the Premises;

    b.    failure to properly prevent a dangerous and hazardous condition when Defendant SNH Real Estate LLC knew or should have known of the condition;

    c.    permitting ice and snow to remain on the Premises;

    d.    failure to properly inspect the Premises for the existence of the dangerous condition, such as snow and ice, which is described in this Complaint;

    e.    failure to remove or remediate the unreasonably dangerous condition;

    f.    failure to place barricades around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

12

g. failure to place warning markers around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

h. permitting business invitees, including Plaintiff Brian Smith, to walk in areas that contained the dangerous snow and ice condition;

i. creating a dangerous condition on the Premises which is described in this Complaint and/or failing to remediate or remove the dangerous and defective condition;

j. failure to have proper policies, procedures, and safety measures addressing dangerous conditions on the Premises where they provide snow and ice removal services;

k. failure to exercise reasonable care for the rights and safety of the public within its Premises, and in particular the rights and safety of Plaintiff Brian Smith;

l. failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to the public, including Plaintiff Brian Smith;

m. creating a dangerous condition on the Premises which is described in this Complaint;

n. failure to place a melting agent or anti-skid material on the accumulation of snow and ice on the Premises;

o. failure to properly maintain the Premises so that snow and ice would not accumulate on the Premises;

p. negligently hiring its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

q. negligently supervising its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

r.  negligently training its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

s.  negligently instructing its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises; and

t.  negligently inspecting the snow and ice removal services performed by its agents, servants, workmen, and employees at the Premises.

32.  As a result of the above-stated acts and omissions, Plaintiff Brian Smith has suffered such harm as has been previously stared herein.

**WHEREFORE**, Plaintiff Brian Smith demands judgment against Defendant SNH Real Estates LLC, individually, and jointly and severally, in an amount in excess of $75,000.00 plus interest, punitive damages, costs, and other such relief as this Court deems appropriate.

### COUNT FOUR
**Stacey Smith v. SNH Real Estates LLC**
**Loss of Consortium**

33.  The preceding paragraphs above are incorporated herein by reference as if fully set forth herein at length.

34.  At all times here pertinent, Plaintiff Stacey Smith was and is the wife of Plaintiff Brian Smith.

35.  Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant SNH Real Estates LLC in causing the

injuries to Plaintiff Brian Smith, Plaintiff Stacey Smith, as wife of Plaintiff Brian Smith, has, is, and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

36.    By reason of the aforesaid collision, Plaintiff Stacey Smith has, is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Stacey Smith demands judgment against Defendant SNH Real Estates LLC, individually and jointly and severally, in an amount in excess of $75,000 plus interest, costs, punitive damages, and such other relief as this Court deems appropriate.

## <u>COUNT FIVE</u>
### Brian Smith v. Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel
### Negligence

37.    The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

38.    At all times material hereto, Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel was responsible for maintaining the Premises.

39.    The aforementioned incident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel, by and through its agents, servants,

15

workmen, or employees, acting within the scope of their employment, and in no way due to the negligent act or failure to act on the part of Plaintiff.

40.    The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel consisted of the following:

 a. failure to warn Plaintiff Brian Smith of the existence of the unreasonably dangerous condition of snow and ice on the Premises;

 b. failure to properly prevent a dangerous and hazardous condition when Defendant SNH Real Estate LLC knew or should have known of the condition;

 c. permitting ice and snow to remain on the Premises;

 d. failure to properly inspect the Premises for the existence of the dangerous condition, such as snow and ice, which is described in this Complaint;

 e. failure to remove or remediate the unreasonably dangerous condition;

 f. failure to place barricades around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

 g. failure to place warning markers around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

 h. permitting business invitees, including Plaintiff Brian Smith, to walk in areas that contained the dangerous snow and ice condition;

i.  creating a dangerous condition on the Premises which is described in this Complaint and/or failing to remediate or remove the dangerous and defective condition;

j.  failure to have proper policies, procedures, and safety measures addressing dangerous conditions on the Premises where they provide snow and ice removal services;

k.  failure to exercise reasonable care for the rights and safety of the public within its Premises, and in particular the rights and safety of Plaintiff Brian Smith;

l.  failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to the public, including Plaintiff Brian Smith;

m.  creating a dangerous condition on the Premises which is described in this Complaint;

n.  failure to place a melting agent or anti-skid material on the accumulation of snow and ice on the Premises;

o.  failure to properly maintain the Premises so that snow and ice would not accumulate on the Premises;

p.  negligently hiring its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

q.  negligently supervising its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

r.  negligently training its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

s.  negligently instructing its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises; and

17

t.   negligently inspecting the snow and ice removal services performed by its agents, servants, workmen, and employees at the Premises.

41.   As a result of the above-stated acts and omissions, Plaintiff Brian Smith has suffered such harm as has been previously stared herein.

**WHEREFORE**, Plaintiff Brian Smith demands judgment against Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel, individually, and jointly and severally, in an amount in excess of $75,000.00 plus interest, punitive damages, costs, and other such relief as this Court deems appropriate.

## COUNT SIX
**Stacey Smith v. Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel**
**Loss of Consortium**

42.   The preceding paragraphs above are incorporated herein by reference as if fully set forth herein at length.

43.   At all times here pertinent, Plaintiff Stacey Smith was and is the wife of Plaintiff Brian Smith.

44.   Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel in causing the injuries to Plaintiff Brian Smith, Plaintiff Stacey Smith, as wife of Plaintiff Brian Smith, has, is, and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

45. By reason of the aforesaid collision, Plaintiff Stacey Smith has, is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Stacey Smith demands judgment against Defendant Five Star Food & Fuel, LLC a/k/a Five Stars Food and Fuel, individually and jointly and severally, in an amount in excess of $75,000 plus interest, costs, punitive damages, and such other relief as this Court deems appropriate.

## COUNT SEVEN
### Brian Smith v. John Doe
### Negligence

46. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

47. At all times material hereto, Defendant John Doe was responsible for maintaining the Premises.

48. The aforementioned incident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant John Doe, by and through its agents, servants, workmen, or employees, acting within the scope of their employment, and in no way due to the negligent act or failure to act on the part of Plaintiff.

49. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant John Doe consisted of the following:

19

a.    failure to warn Plaintiff Brian Smith of the existence of the unreasonably dangerous condition of snow and ice on the Premises;

b.    failure to properly prevent a dangerous and hazardous condition when Defendant John Doe knew or should have known of the condition;

c.    permitting ice and snow to remain on the Premises;

d.    failure to properly inspect the Premises for the existence of the dangerous condition, such as snow and ice, which is described in this Complaint;

e.    failure to remove or remediate the unreasonably dangerous condition;

f.    failure to place barricades around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

g.    failure to place warning markers around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

h.    permitting business invitees, including Plaintiff Brian Smith, to walk in areas that contained the dangerous snow and ice condition;

i.    creating a dangerous condition on the Premises which is described in this Complaint and/or failing to remediate or remove the dangerous and defective condition;

j.    failure to have proper policies, procedures, and safety measures addressing dangerous conditions on the Premises where they provide snow and ice removal services;

k.    failure to exercise reasonable care for the rights and safety of the public within its Premises, and in particular the rights and safety of Plaintiff Brian Smith;

20

l.    failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to the public, including Plaintiff Brian Smith;

m.    creating a dangerous condition on the Premises which is described in this Complaint;

n.    failure to place a melting agent or anti-skid material on the accumulation of snow and ice on the Premises;

o.    failure to properly maintain the Premises so that snow and ice would not accumulate on the Premises;

p.    negligently hiring its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

q.    negligently supervising its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

r.    negligently training its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

s.    negligently instructing its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises; and

t.    negligently inspecting the snow and ice removal services performed by its agents, servants, workmen, and employees at the Premises.

50.    As a result of the above-stated acts and omissions, Plaintiff J has suffered such harm as has been previously stared herein.

**WHEREFORE**, Plaintiff Brian Smith demands judgment against Defendant John Doe, individually and jointly and severally, in an amount in excess of

21

$75,000.00 plus interest, punitive damages, costs, and other such relief as this Court deems appropriate.

## COUNT EIGHT
### Stacey Smith v. John Doe
### Loss of Consortium

51. The preceding paragraphs above are incorporated herein by reference as if fully set forth herein at length.

52. At all times here pertinent, Plaintiff Stacey Smith was and is the wife of Plaintiff Brian Smith.

53. Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant John Doe in causing the injuries to Plaintiff Brian Smith, Plaintiff Stacey Smith, as wife of Plaintiff Brian Smith, has, is, and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

54. By reason of the aforesaid collision, Plaintiff Stacey Smith has, is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Stacey Smith demands judgment against Defendant John Doe, individually and jointly and severally, in an amount in excess of $75,000

plus interest, costs, punitive damages, and such other relief as this Court deems appropriate.

## COUNT NINE
### Brian Smith v. ABC Corporation
### Negligence

55. The preceding paragraphs are incorporated herein by reference as if fully set forth here at length.

56. At all times material hereto, Defendant ABC Corporation was responsible for maintaining the Premises.

57. The aforementioned incident was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant ABC Corporation, by and through its agents, servants, workmen, or employees, acting within the scope of their employment, and in no way due to the negligent act or failure to act on the part of Plaintiff.

58. The negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant ABC Corporation consisted of the following:

    a. failure to warn Plaintiff Brian Smith of the existence of the unreasonably dangerous condition of snow and ice on the Premises;

    b. failure to properly prevent a dangerous and hazardous condition when Defendant ABC Corporation knew or should have known of the condition;

    c. permitting ice and snow to remain on the Premises;

d.    failure to properly inspect the Premises for the existence of the dangerous condition, such as snow and ice, which is described in this Complaint;

e.    failure to remove or remediate the unreasonably dangerous condition;

f.    failure to place barricades around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

g.    failure to place warning markers around the parts of the Premises which was in a defective and dangerous condition where the snow and ice accumulated;

h.    permitting business invitees, including Plaintiff Brian Smith, to walk in areas that contained the dangerous snow and ice condition;

i.    creating a dangerous condition on the Premises which is described in this Complaint and/or failing to remediate or remove the dangerous and defective condition;

j.    failure to have proper policies, procedures, and safety measures addressing dangerous conditions on the Premises where they provide snow and ice removal services;

k.    failure to exercise reasonable care for the rights and safety of the public within its Premises, and in particular the rights and safety of Plaintiff Brian Smith;

l.    failure to properly maintain the premises so that it did not impose an unreasonable risk of harm to the public, including Plaintiff Brian Smith;

m.    creating a dangerous condition on the Premises which is described in this Complaint;

n.    failure to place a melting agent or anti-skid material on the accumulation of snow and ice on the Premises;

24

o.    failure to properly maintain the Premises so that snow and ice would not accumulate on the Premises;

p.    negligently hiring its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

q.    negligently supervising its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

r.    negligently training its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises;

s.    negligently instructing its agents, servants, workmen, and employees who performed snow and ice removal services at the Premises; and

t.    negligently inspecting the snow and ice removal services performed by its agents, servants, workmen, and employees at the Premises.

59.    As a result of the above-stated acts and omissions, Plaintiff J has suffered such harm as has been previously stared herein.

**WHEREFORE**, Plaintiff Brian Smith demands judgment against Defendant ABC Corporation, individually and jointly and severally, in an amount in excess of $75,000.00 plus interest, punitive damages, costs, and other such relief as this Court deems appropriate.

### COUNT TEN
**Stacey Smith v. ABC Corporation**
**Loss of Consortium**

60.    The preceding paragraphs above are incorporated herein by reference as if fully set forth herein at length.

25

61.    At all times here pertinent, Plaintiff Stacey Smith was and is the wife of Plaintiff Brian Smith.

62.    Solely because of the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant ABC Corporation in causing the injuries to Plaintiff Brian Smith, Plaintiff Stacey Smith, as wife of Plaintiff Brian Smith, has, is, and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

63.    By reason of the aforesaid collision, Plaintiff Stacey Smith has, is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff Stacey Smith demands judgment against Defendant ABC Corporation, individually and jointly and severally, in an amount in excess of $75,000 plus interest, costs, punitive damages, and such other relief as this Court deems appropriate.

**MUNLEY LAW, PC**

By: _____

Katie Nealon
PA ID No.: 317965
Attorney for Plaintiffs

26